UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY PANEM, for herself and on
behalf of those similarly situated,

        CASE NO.:

    Plaintiff,

vs.

WEXFORD HEALTH SOURCES, INC.,
a Florida profit corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NANCY PANEM, ("Plaintiff"), on her own behalf and on behalf of those similarly situated, files this Complaint against Defendant, WEXFORD HEALTH SOURCES, INC., a Florida profit corporation ("Defendant") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, as well as a judgment in favor of Plaintiff and against Defendant, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3. At all times material to this action, Plaintiff was a resident of Charlotte County, Florida.

4. At all times material to this action, WEXFORD HEALTH SOURCES, INC. ("WEXFORD") was, and continues to be, a Florida Corporation.

5. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. Defendant was an "employer" within the meaning of the FLSA.

9. At all times material to this action, Defendant, WEXFORD, was, and continues to be, an "enterprise engaged in commerce."

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material to this action, Defendant had two (2) or more employees regularly handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including, but not limited to, medical supplies and equipment necessary to perform duties related to the care of patients with various health issues.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

13. On or about March 2013, Defendant hired Plaintiff to work as a non-exempt hourly-paid "Registered Nurse" working for Defendant's healthcare corporation,

providing nursing services in correctional facilities.

14. Plaintiff's job duties included at different times, but were not limited to, attending to patients, completing physical assessments, and administering medication.

15. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

16. From at least March 2013, and continuing through February 2015, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

17. Specifically, Defendant deducted 30 minutes, ostensibly for a meal period, from Plaintiff's compensation each day, even when Defendant knew or reasonably should have known that Plaintiff was not able to take a meal break that met the requirements for a deduction from compensable time, and even when Plaintiff reported that she did not get a meal break.

18. Defendant's policy and practice was to deduct the 30 minutes even when it was specifically reported that no meal period was taken.

19. Defendant's policy and practice was to deduct the 30 minutes, even when the work load of the nurses was such that Defendant knew or reasonably should have known that the nurses could not take a meal break.

20. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

21. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

22. The additional persons who may become Plaintiffs in this action also "worked" for Defendant as hourly paid Registered Nurses, worked under the same terms and conditions, and pursuant to the policies, practices, and procedures applicable to Plaintiff as identified in paragraphs 17-19 above, and were denied proper overtime compensation for overtime hours due to these policies, practices and procedures.

23. Defendant has violated Title 29 U.S.C. §207 from at least March 2013, and continuing through at least February 2015, in that:

    a. Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Upon information and belief, Defendant has failed to maintain proper time records as mandated by the FLSA.

24. Defendant's failure and/or refusal to properly compensate Plaintiff, and those similarly situated, at the rates and amounts required by the FLSA was willful. Defendant was aware of its obligation to pay overtime, but did not pay for meal periods that Plaintiff and those similarly situated worked through, even in instances in which Plaintiff, and those similarly situated, reported not getting meal breaks.

25. Defendant failed and/or refused to properly disclose or apprise Plaintiff of

Plaintiff's rights under the FLSA.

26.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

27.     Plaintiff re-alleges paragraphs 1 through 26 of the Complaint, as if fully set forth herein.

28.     From at least March 2013 and continuing through February 2015, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

29.     Plaintiff, and those similarly situated, are entitled to be paid at the statutory rate of one and one-half times their regular rates of pay for those hours worked in excess of forty (40) hours in a workweek.

30.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

31.     At all times material hereto, upon information and belief, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

32.     Defendant failed to properly disclose or apprise Plaintiff, and those similarly situated, of their rights under the FLSA.

33. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for herself and on behalf of those similarly situated, request conditional certification; pursuant to Section 216(b) of the FLSA, of employees who worked for Defendant as Registered Nurses in the three years preceding the filing of the Complaint, an order permitting Notice to all potential class members; a Declaration that Defendant's policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this ___ day of June, 2015.

Respectfully Submitted,

**/s/ ANGELI MURTHY**
ANGELI MURTHY, ESQ.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-424-8317
E-mail: Amurthy@forthepeople.com
*Attorney for Plaintiff*