# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND EMPLOYEE'S FULL AND FINAL RELEASE OF CLAIMS

**THIS SETTLEMENT AGREEMENT AND RELEASE** (hereinafter referred to as "the Agreement"), is made by and between Plaintiff, Nancy Panem ("Ms. Panem") and Defendant, Wexford Health Sources, Inc. ("Wexford").

**WHEREAS**, Ms. Panem was an employee of Wexford whose employment terminated on or about February 25, 2015;

**WHEREAS**, Ms. Panem filed a lawsuit against Wexford styled *Nancy Panem v. Wexford Health Sources, Inc.*, Case No. 2:15-cv-397-FtM-29CM ("the Lawsuit");

**WHEREAS**, Ms. Panem claims in the Lawsuit that Wexford violated 29 U.S.C. §207 by failing to properly pay her wages;

**WHEREAS**, Wexford has denied any and all liability for any claim or cause of action which Ms. Panem has or may have had, but has elected to settle this matter as an economic decision based on the significant disparity between the cost to settle and the cost to defend; and

**WHEREAS**, the parties hereto desire to settle all claims, disputes, charges and causes of action that Ms. Panem has or may have against Wexford which arose or may have arisen prior to the date of execution of this Agreement.

**NOW, KNOWN ALL PERSONS BY THOSE PRESENT** that in consideration of the mutual covenants to be performed by all of the parties hereto, and set forth in their entirety herein, the parties to this Agreement agree as follows:

1. **Definitions.** Unless as otherwise specified herein, when used in this Agreement, "Wexford" shall mean Wexford Health Sources, Inc. and all other companies, partnerships, and joint ventures, together with their officers, employees, former employees, agents, representatives, insurers (including current and former agents), reinsurers, predecessors, and successors. When used in this Agreement, "Ms. Panem" shall mean Nancy Panem, as well as her family members, heirs, representatives, successors, and assigns.

2. For and in consideration of the promises and monetary consideration outlined in Paragraph 3 of this Agreement, Ms. Panem agrees as follows:

    A. To settle and release any and all claims which Ms. Panem has against Wexford which arose or may have arisen prior to the date of execution of this Agreement.

    B.    To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Wexford of any violation of any federal, state, or local statute or regulation, or any violation of any of Ms. Panem's rights or of any duty owed by Wexford to Ms. Panem.

    C.    That the below-referenced sum represents compensation that Ms. Panem agrees to accept as full compensation for any alleged unpaid wages and liquidated damages she is owed for the period of her employment with Wexford for alleged violations of 29 U.S.C. §207, or any other law, state or federal.

    D.    That the below-referenced amount paid by Wexford represents a sum to which Ms. Panem would not be entitled absent this Agreement.

3. For and in consideration of the promises made by Ms. Panem in Paragraph 2 of this Agreement and all other promises, including the general release, Wexford agrees to pay Ms. Panem the total consideration of Fifteen Thousand Dollars ($15,000.00). Of the settlement proceeds, Ms. Panem will receive a total of Three Thousand Dollars ($3,000.00) representing wages and liquidated damages as compensation for her claim under the FSLA. Ms. Panem's counsel will receive Twelve Thousand Dollars ($12,000.00) representing attorneys' fees and costs incurred on Ms. Panem's behalf. **Ms. Panem specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to her counsel for representing her interests in this matter.**

Under this Agreement, each payment shall be made as follows:

(A) One check made payable to Ms. Panem in the total amount of One Thousand Five Hundred Dollars ($1,500.00) less applicable taxes and withholdings, which shall be issued with a W-2.

(B) One check made payable to Ms. Panem in the total amount of One Thousand Five Hundred Dollars ($1,500.00) for alleged liquidated damages, to be reported on a form 1099.

(C) One check made payable to Morgan & Morgan, P.A. in the total amount of Twelve Thousand Dollars ($12,000.00) to be reported on a form 1099.

4. Wexford agrees that the payments described in paragraph 3 will be delivered to Ms. Panem by delivering the same to her counsel, Angeli Murthy, Esquire, at 600 M. Pine Island Road, Suite 400, Plantation FL

33324, such that the payment is **received on or before** the expiration of thirty (30) days following the date the parties receive court approval of this Agreement.

5. Ms. Panem knowingly and voluntarily releases and forever discharges Wexford from any and all claims, known and unknown, asserted or unasserted, liens, demands, obligations, actions, suits, controversies, disputes and causes of action of every type and nature (including claims for attorneys' fees, costs and expenses) which Ms. Panem has or may have against Wexford as of the date of execution of this Agreement, including but not limited to, any alleged violation of local, state or federal law. Likewise, Wexford knowingly and voluntarily releases and forever discharges Ms. Panem, her successors, heirs and assigns of and from any and all claims, known and unknown, asserted or unasserted, liens, demands, obligations, actions, suits, controversies, disputes and causes of action of every type and nature (including claims for attorneys' fees, costs and expenses) which Wexford has or may have against Ms. Panem as of the date of execution of this Agreement.

6. In the event that Ms. Panem or Wexford commences an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the Court in any such action.

7. Ms. Panem and Wexford agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party in favor of the other.

8. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

9. This Agreement supersedes all prior agreements and understandings between Ms. Panem and Wexford. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Ms. Panem and an authorized representative of Wexford.

10. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

The law governing this Agreement shall be that of the United States and the State of Florida. Any dispute arising out of this Agreement shall be venued exclusively within the appropriate state or federal court located in Lee County, Florida.

**IN WITNESS WHEREOF**, the parties hereto set their hands and seals.

**WHEREFORE**, Wexford agrees that it has read all of the foregoing, understands the same and agrees to all the provisions contained herein; and

**WHEREFORE**, Ms. Panem agrees that she has read and fully understands the contents and the final and binding effect of this Agreement and that she has been fully advised of her right to consult with legal counsel concerning the terms and provisions of this Agreement, and her right to take the time she requires to examine this Agreement. Ms. Panem further agrees that she has signed this Agreement knowingly and voluntarily after having consulted with her legal counsel.

Date Signed: 8/20/16

_Nancy Panem_
Nancy Panem

Date Signed: 8.30.16

WEXFORD HEALTH SOURCES, INC.

By: _[signature]_

Its: EVP / CAO