UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY PANEM,

       Plaintiff,

v.                                                    Case No:  2:15-cv-397-FtM-29CM

WEXFORD HEALTH SOURCES,
INC.,

       Defendants.

_____

**REPORT AMD RECOMMENDATION**[1]

    This matter comes before the Court upon review of the Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 25), filed on September 1, 2016.  The parties provided a copy of the proposed Settlement Agreement for the Court's review.  Doc. 25-1.  The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the action with prejudice.  Docs. 1, 25.  For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

    To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover overtime wages.   *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.   *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for overtime wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.   "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.   *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).   Nevertheless, the Court must

scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute."   *Lynn's Food Store, Inc.*, 679 F.2d at 1355.

Plaintiff, Nancy Panem, was employed by Defendant Wexford Health Sources, Inc. as a registered nurse to provide nursing services to patients in correctional facilities.   Docs. 1 at 2-3, 25 at 1.   She brought this action against Defendant claiming entitlement to unpaid overtime wages owed for allegedly not being compensated for missed meal breaks for which 30 minute deductions were made, which she claimed was in violation of the Fair Labor Standards Act ("FLSA").   Docs. 1, 25 at 1.   Defendant claimed that it had a process by which Plaintiff could and should have notified the company if she missed a meal break and that she was aware of this process yet never used it.   Doc. 25 at 1.

In the proposed Settlement Agreement, Defendant agrees to pay Plaintiff a settlement amount totaling fifteen thousand dollars ($15,000.00).   Docs. 25 at 2, 25-1 at 3.   The settlement provides that three thousand dollars ($3,000.00) be paid to Plaintiff in consideration of her underlying claims for alleged unpaid wages and liquidated damages as part of the consideration for dismissal of Plaintiff's claim.   In addition to the monetary consideration, in exchange for Plaintiff's general release of claims, Defendant also is providing Plaintiff with a mutual general release.   Docs. 25 at 2; 25-1 at 4.   Defendant also will pay to Plaintiff's counsel the sum of twelve thousand dollars ($12,000.00) as reasonable attorney's fees and costs, which was negotiated apart from, and subsequent to, the agreement on the amount of settlement funds to be paid to Plaintiff.   Doc. 25 at 2-3.

Each party was independently represented by counsel with extensive experience in labor and employment law. *Id.* at 5. The parties submit that there has been sufficient discovery and exchange of information to allow counsel for the parties to adequately evaluate the respective claims and defenses and make educated and informed recommendations for resolution to their respective clients. *Id.* at 4. Further, the parties state that after engaging in discovery, including document exchange and multiple depositions, a compromise was reached to avoid the uncertainties and costs of dispositive motions and trial, noting that the parties continued to disagree over the merits of claims asserted by Plaintiff, and Plaintiff still had potential hurdles to overcome in proving her claims. *Id.* The parties also note that if Plaintiff were to recover all damages alleged, she would recover a total of $18,271.20, including liquidated damages. *Id., see also* Doc. 15 at 3 (Plaintiff's answers to Court interrogatories). Thus, the parties propose that the settlement is a reasonable means for both parties to minimize future risks and losses. *Id.*

Based on the Court's review of the settlement agreement, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the stipulation of the parties, strength of the defenses and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), *report and recommendation adopted*, No.

6:10-CV-1302-ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond*, 2014 WL 2861483; *Helms*, 2006 WL 3858491.

As noted, as part of the settlement, Defendant further agrees to pay Plaintiff's attorneys' fees and costs in the amount of $12,000.00.   Doc. 25 at 2.   The parties state the amount of attorney's fees and costs is reasonable, and assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery.   Doc. 25 at 5.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).   Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs.   Doc. 25 at 5.

In addition to the monetary terms, the settlement also provides that in exchange for Plaintiff's general release of claims, Plaintiff will receive a reciprocal general release from Defendant.   *Id.* at 2.   The parties state that the general release

is important to each party "to ensure that there will not be future litigation on events arising prior to approval, including claims that Defendant may have against Plaintiff." *Id.*

Although in FLSA cases general releases typically are disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer," *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010), courts within this district, including this Court, have approved general releases in FLSA cases when the plaintiff receives compensation or other consideration that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *See e.g., Martini v. Bridgewater Inn of Matlacha, LLC*, No. 2:15-CV-658-FTM-38CM, 2016 WL 3556803, at *2 (M.D. Fla. June 9, 2016), report and recommendation adopted sub nom. *Martini v. Bridgewater Inn of Matlacha*, No. 2:15-CV-658-FTM-38CM, 2016 WL 3459436 (M.D. Fla. June 24, 2016); *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (approving a settlement agreement that contained a general release and non-disparagement agreement because they were exchanged by a separate payment in addition to the sum the employee would receive from the FLSA settlement); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015) (approving a settlement agreement that contained a general release because it was exchanged by a mutual general release and a neutral reference by employer). Here, because the general release to be executed by Plaintiff is supported by a mutual general release of the

employer, it does not render the settlement unfair or unreasonable. Thus, having reviewed the settlement agreement (Doc. 25-1), the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.     The Joint Motion to Approve Settlement (Doc. 25) be **GRANTED** and the Settlement Agreement (Doc. 25-1) be **APPROVED**; and

2.     The Court enter an Order adopting the Report and Recommendation and dismissing the case with prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 2nd day of September, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Honorable John E. Steele